THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALEXANDER BRYANT CO., MILTON SCHNAIER, MILTON SCHNAIER, CONTRACTING CORPORATION, MORRIS JARCHO, JACOB JARCHO and JARCHO BROTHERS, INC., Defendants.

(Supreme Court, Extraordinary Trial Term, January, 1921.)

General Business Law, §§ 341, 345 — witnesses testifying before legislative committee not entitled to immunity from prosecution under said statute.

> The "Lockwood committee" is not a "court, magistrate or referee" within the meaning of section 345 of the General Business Law.
>
> Where because of testimony given by them as witnesses before the joint committee of the senate and assembly (Lockwood committee), as to their dealings with each other and with others, defendants were charged by indictment with a violation of section 341 of the General Business Law, they are not entitled to the immunity from prosecution granted by section 345 of said statute.

MOTION to dismiss indictment.

Charles L. Newton, Attorney-General (Deputy Attorney-General Kenneth M. Spence, of counsel), for People.

Milton Mayer, for defendants.

McAvoy, J.  The defendants are charged with the violation of section 341 of the Business Law of the state of New York, which is known as the Donnelly Law.  Defendants Schnaier and Jarcho were subpoenaed as witnesses in October last to testify in a proceeding and investigation held by the joint committee of the senate and assembly, known as the Lockwood committee.  They gave certain testimony as to their dealings with each other and with others and

claim that because of the testimony so given they are entitled to immunity from prosecution under the said Donnelly Act. The provision of section 345 of the Business Law, which constitutes the so-called immunity provision, is: '' Section 345. No person excused from answering. No person shall be excused from attending and testifying, or from producing any books, papers or other documents before any court, magistrate or referee, upon any investigation, proceeding or trial, pursuant to or for the violation of any of the provisions of this article, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or subject him to a penalty or forfeiture; but no person shall be prosecuted or subjected to any penalty or forfeiture, for or on account of any transaction, matter or thing, concerning which he may so testify, or produce evidence, documentary or otherwise. And no testimony so given or produced shall be received against him upon any criminal investigation, proceeding or trial.'' It does not seem to me that any sound argument can be made for a ruling that the so-called Lockwood committee is included in the language of section 345 of the Penal Law referring to '' any court, magistrate or referee.'' The authority on which reliance of defendants is based is *People* v. *Sharp,* 107 N. Y. 427. The defendant in that criminal action had appeared before a legislative committee in obedience to a subpoena and had testified as a witness in the investigation or proceeding conducted by said legislative committee to investigate the alleged crime of bribery. The section then covering testimony with respect to bribery was the present section 38 of the Penal Law, then known as section 79 of the Penal Code. It provided that a person offending against any provision of the Code relating to bribery is a competent witness against another person so offending and may

be compelled to attend and testify upon any trial,
hearing, proceeding or investigation in the same man-
ner as any other person, and that a person so testify-
ing should not thereafter be liable to indictment, prose-
cution or punishment for said bribery. Sharp con-
tended that the meaning and spirit of this statute was
that the disclosures made by him before the senate com-
mittee were privileged and could not be used against
him on his trial, the People claiming that section 79 of
the Penal Code did not embrace an investigation by a
senate committee, but was limited to such testimony
only as might be given upon a trial, hearing, proceed-
ing or investigation in the course of a criminal action;
that it had no application to such testimony as might
be given in the course of legislative proceedings or
investigations. This claim of the People was over-
ruled by the court, and it was held that the use of the
words "upon any investigation" referred to an
inquiry which the legislature had the right to make,
and which, in view of the recitals in the resolution
creating it, it was its duty to make, in order that the
abuses which were disclosed might be cured by further
action by the legislature or by the People. The court
pointed out that full effect was to be given to the force
and validity of every word, so that no part of the
section would be annulled or rendered nugatory, and
with that mode of construction it cannot be doubted
that *Sharp's* case was brought literally within the
language of the section 79 of the then Penal Code.
Sharp was a person offending against one of the
specific provisions of the Code in relation to bribery.
He was accused and had been convicted of giving a
bribe. He was qualified under the section as a com-
petent witness. He was testifying against another
person so offending against one of the provisions of
the Code relating to bribery. He was a witness before

the committee in relation to bribery. He was a witness against another person or body specifically accused in the resolution of the senate. He was compelled to attend and testify against another person or other party to the transaction. The testimony was given upon an investigation duly authorized, and applying the natural meaning of the words to the circumstances of that case there was no incongruity nor inconsistency in adapting them to the facts then appearing. The General Business Law, section 345 (Donnelly Act), does not include any term, idea, word or concept or permit an inference from any of such comparable to the words used in the bribery section (former Penal Code, § 79) "any investigation." This latter is a comprehensive and all-including phrase and doubtless bounds all investigations in the conduct of which persons might be called by authority as witnesses to testify under oath concerning any matter. And it would include, if taken literally, the action of a legislative committee, according to the direction given it, and acting with authority to subpoena witnesses and enforce their attendance and examine them under oath. It did not exclude every sort of hearing or investigation excepting only a judicial investigation by a regularly constituted court, and although the investigation may be only for the collection of information required for the proper performance by the legislature of its own functions, it would, nevertheless, be a proceeding requiring witnesses and power to compel their attendance. A comparison of the statute under which Sharp was held immune and section 345, *supra* (Donnelly Act), reveals the intent of the legislature not to include in its provisions any immunity of persons testifying as witnesses for testimony compelled or voluntarily given before a legislative committee conducting " any investigation."

The tribunals before which immunity may be secured for testimony given under that act are "any court, magistrate or referee upon any investigation, proceeding or trial *pursuant to or for a violation of any of the provisions of this article * * *.*"* Where the words are without ambiguity and the meaning unequivocal construction is not part of the business of a court. The disparate features of this case and the *Sharp* case are outstanding and inescapable. The attendance of the defendants, who claim immunity here, before the Lockwood committee as witnesses, and who now ask a dismissal of the indictment found against them by motion because of this provision of law (§ 345) and because of the giving of testimony involving transactions, matters or things concerning which they did so testify, did not entitle them to the immunity granted under the Donnelly Act, and their motion to annul the action of the grand jury and dismiss the indictments against them and discharge them because of such alleged immunity is denied.

Motion denied.